IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRANKIE L. TAYLOR,

                Plaintiff,

v.                                                       OPINION and ORDER

MARK SPRINGTEEN, SON, ERIC SCHOOVER, and         25-cv-944-jdp
HOPE OTTO,

                Defendants.

---

    Plaintiff Frankie L. Taylor, proceeding without counsel, alleges that defendant Mark Springteen's son falsely accused Taylor of sexual assault. That false accusation, Taylor adds, caused an officer for the Beloit Police Department, defendant Eric Schoover, to detain him. I take Taylor to bring a Fourth Amendment claim based on unlawful detention.

    Taylor proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Taylor's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I need not accept the complaint's allegations as true if matters of public record directly contradict them. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). I will dismiss the complaint with prejudice because it fails to state a plausible claim for relief and is clearly untimely.

ALLEGATIONS OF FACT

In May 2022, Springteen's son falsely accused Taylor of "child sexual assault, with the help and [guidance and coercion]" of Springteen. Dkt. 1 at 4. Schoover "incarcerated" Taylor based on the false accusation. *Id.*

ANALYSIS

Taylor alleges that Schoover incarcerated him based on the false accusation, but a search of public records didn't reveal a related Wisconsin prosecution. So, I take Taylor to allege that Schoover detained him for an unspecified length of time based on the false accusation, but that Taylor was never charged with a crime based on the false accusation.

Taylor brings Fourteenth Amendment due process and equal protection claims. *See id.* at 3. As a general rule, when a particular constitutional amendment provides an explicit textual source of protection against a particular sort of government behavior, the claim must be analyzed under that amendment. *Cf. Albright v. Oliver*, 510 U.S. 266, 273 (1994); *Culp v. Raoul*, 921 F.3d 646, 658 (7th Cir. 2019). The main idea of Taylor's complaint is that Schoover detained him based on a false accusation before the onset of any criminal proceeding.

The Fourth Amendment guarantees the "right of the people to be secure in their persons . . . against unreasonable . . . seizures." U.S. Const. amend. IV. "The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017). "That can happen when the police hold someone without any reason before the formal onset of a criminal proceeding." *Id.* "Manuel . . . makes clear that the Fourth Amendment, not the Due Process Clause, governs a claim for

wrongful pretrial detention." *Lewis v. City of Chicago*, 914 F.3d 472, 475 (7th Cir. 2019). The Fourth Amendment squarely governs Taylor's claim.

The next question is whether Taylor has plausibly alleged that Schoover lacked probable cause for the detention. Probable cause means that the circumstances that Schoover is aware of are enough for a prudent person to believe that Taylor has committed an offense. *See United States v. Hill*, 818 F.3d 289, 294 (7th Cir. 2016). "The probable-cause standard inherently allows room for reasonable mistakes . . . ." *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 714 (7th Cir. 2013). To proceed, Taylor must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

Taylor alleges that Schoover detained him based on Springteen's son's false accusation that he committed child sexual assault. This bare allegation, by itself, doesn't plausibly suggest that Schoover lacked probable cause to detain Taylor; it amounts to an unsupported claim that Schoover unlawfully harmed Taylor. Taylor has alleged no facts, for instance, suggesting that Schoover realized, or should have realized, that the allegation was false. *See Watkins v. Fond du Lac Dist. Att'y Off.*, No. 25-cv-97-jdp, 2025 WL 2581968, at *4–5 (W.D. Wis. Sept. 5, 2025) (vague allegations that detention is based on false statements don't plausibly suggest that detention lacked probable cause); *Neita v. Travis*, No. 14-cv-1107, 2015 WL 394117, at *3 (N.D. Ill. Jan. 29, 2015) (complaint that omits "any factual allegations about the facts and circumstances known to [the officer] at the time of [the plaintiff's] arrest" doesn't show that arrest lacked probable cause). Taylor's Fourth Amendment claim is facially implausible.

There's a deeper problem: the complaint is untimely. A plaintiff need not anticipate or rebut a statute of limitations defense in his complaint, but dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate if the plaintiff's allegations show that the statute of

limitations clearly bars recovery. *See Sabo v. Erickson*, 128 F.4th 836, 842 (7th Cir. 2025) (en banc); *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 822 (7th Cir. 2022). To determine the proper statute of limitations for 42 U.S.C. § 1983 actions, "a federal court must adopt the forum state's statute of limitations for personal injury claims." *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). The relevant statute of limitations here is three years. *See Soto v. Staneic*, No. 24-cv-380-jdp, 2025 WL 1344756, at *2 (W.D. Wis. May 8, 2025).

Although Wisconsin's limitations period applies, federal law governs when Taylor's Fourth Amendment accrued. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). Under federal law, the basic rule is that Taylor's claim accrued when he knew, or should have known, that Schoover violated his Fourth Amendment rights. *See Milchtein*, 42 F.4th at 822.

As a general rule, a Fourth Amendment claim based on unlawful pretrial detention accrues when the detention ends. *Lewis*, 914 F.3d at 478. Taylor alleges that Schoover detained him in May 2022, and he brought this case approximately three and a half years later in November 2025. But, given the lack of related criminal charges, it's implausible that Schoover's detention of Taylor continued for six months until November 2022.

Judicial records support this determination. Taylor was charged with theft in Rock County case no. 2021CM265.[1] On May 9, 2022, Taylor attended a hearing in the '265 case while in custody. *See id.* At the hearing, Taylor obtained a signature bond with no conditions. *See id.* Taylor was back in court on September 6, 2022, for a status conference. *See id.* There's no indication from the docket sheet that Taylor was in custody at that time. *See id.*

---

[1] *See* docket sheet in the '265 case, *available at* https://wcca.wicourts.gov/case.html.

4

Even if Schoover continued to detain Taylor after May 2022, it appears certain based on the complaint and judicial records that he was released no later than September 6, 2022. Therefore, at a minimum, Taylor had to bring his Fourth Amendment claim by September 6, 2025. But Taylor brought this lawsuit over two months later in mid-November 2025. The complaint is clearly time-barred.

CONCLUSION

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have to be granted if it's clear that further amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Further amendment would be futile here because Taylor's complaint is clearly untimely.

ORDER

IT IS ORDERED that:

1. Plaintiff Frankie L. Taylor's complaint, Dkt. 1, is DISMISSED with prejudice because it fails to state a plausible claim for relief and is untimely.

2. The clerk of court is directed to enter judgment and close the case.

Entered December 22, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge